UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF OHIO

**TANE'YA MELINDA TAYLOR,**
Plaintiff,

Civil Action No. **2:26 CV 0322**

**JUDGE SARGUS**

v.

**MAGISTRATE JUDGE VASCURA**

**WONDERBOTZ LLC,**
and
**UIPATH INC.,**
Defendants.

**COMPLAINT FOR DAMAGES,
DECLARATORY RELIEF,
AND JURY DEMAND**

Plaintiff Tane'ya Melinda Taylor, proceeding pro se, for her Complaint against Defendants WonderBotz LLC ("WonderBotz") and UiPath Inc. ("UiPath"), alleges as follows:

## I. NATURE OF THE ACTION

1. This is an action for race discrimination, sex discrimination, and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.

2. Plaintiff is a Black female software developer who worked as a Senior Robotic Process Automation ("RPA") Developer.

3. Defendant WonderBotz LLC employed Plaintiff as the employer of record and controlled payroll, HR administration, employment records, and the ultimate termination decision.

4. Defendant UiPath Inc. supervised Plaintiff's daily work on a consulting engagement supporting a State of Texas automation project and controlled project assignments, client access, and consulting-system credentials.

5. Plaintiff engaged in protected activity by:

   a. raising concerns regarding race-based pay disparity in October 2024;

   b. raising concerns regarding payroll access and employment practices in early 2025; and

   c. reporting hostile and harassing conduct involving UiPath personnel in May 2025.

6. Within approximately twenty-four (24) hours of Plaintiff's written complaint on May 26, 2025, UiPath removed Plaintiff's consulting-system access and directed her removal from the client engagement.

7. On May 28, 2025, Plaintiff received written notice stating:

   "UiPath notified WonderBotz yesterday, May 27, 2025, that it had made the decision to end your contract, effective immediately."

   "This decision was made by UiPath and WonderBotz was not involved in the decision."

   "We must therefore also inform you that your employment with WonderBotz will end today, May 28, 2025."

8. As a result of Defendants' actions, Plaintiff lost her position and income and has suffered ongoing financial and professional harm.

II. JURISDICTION AND VENUE

9. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343 and 42 U.S.C. § 2000e-5(f)(3).

10. Venue is proper in this District because Plaintiff resides in Dublin, Ohio, and the effects of the unlawful employment practices were experienced in this District.

11. Plaintiff exhausted administrative remedies with the Equal Employment Opportunity Commission ("EEOC").

12. The EEOC issued Right-to-Sue notices as follows:

Exhibit A – Charge No. 532-2025-03441 (UiPath Inc.), issued December 22, 2025.

Exhibit B – Charge No. 532-2026-00792 (WonderBotz LLC), issued February 25, 2026.

13. Plaintiff filed this action within ninety (90) days of receiving the notices.

III. PARTIES

14. Plaintiff Tane'ya Melinda Taylor is an adult resident of Dublin, Ohio.

15. Defendant WonderBotz LLC is a consulting and automation services company and was Plaintiff's employer of record.

16. Defendant UiPath Inc. is a software and automation technology company that supervised Plaintiff's consulting engagement.

17. At all relevant times, each Defendant employed fifteen (15) or more employees and is subject to Title VII.

IV. JOINT EMPLOYER ALLEGATIONS

18. WonderBotz controlled payroll, wage administration, HR communications, and Plaintiff's employment status.

19. UiPath controlled Plaintiff's daily work assignments, project supervision, consulting environment access, and client responsibilities.

20. UiPath exercised substantial control over the terms and conditions of Plaintiff's work.

21. UiPath directed Plaintiff's removal from the consulting engagement.

22. After UiPath removed Plaintiff, WonderBotz terminated Plaintiff's employment.

23. Defendants functioned as joint employers under Title VII.

V. FACTUAL BACKGROUND

A. Employment

24. WonderBotz hired Plaintiff on September 17, 2024 as a Senior RPA Developer.

25. Plaintiff was assigned to a UiPath consulting engagement supporting the State of Texas automation project.

26. Plaintiff performed work under UiPath supervision.

27. Plaintiff was qualified and performed development, testing, and client deliverables.

B. Protected Class

28. Plaintiff is a Black woman and a member of protected classes under Title VII.

## C. Pay Discrimination Complaint

29. On October 16, 2024, Plaintiff raised concerns regarding pay disparity.

30. Plaintiff earned $60/hour while a less experienced colleague earned $65/hour.

31. Plaintiff raised concerns of potential race-based discrimination.

32. Afterward, WonderBotz increased Plaintiff's rate.

## D. Payroll Access Issues

33. Beginning September 2024, Plaintiff experienced ongoing ADP payroll access issues.

34. Plaintiff repeatedly notified WonderBotz.

35. The issue persisted into early 2025 despite multiple attempts to resolve.

## E. Harassment Complaints

36. On May 22, 2025, Plaintiff reported harassment during a UiPath meeting.

37. Plaintiff removed herself to protect her well-being.

**F. Written Complaint**

38. On May 26, 2025, Plaintiff submitted a written complaint to UiPath leadership, including Chris Heller.

**G. Removal of Access**

39. On May 27, 2025, UiPath removed Plaintiff's system access.

40. The removal occurred immediately after the complaint.

41. Plaintiff could not perform her job duties.

**H. Removal from Engagement**

42. Plaintiff was removed from the client engagement.

43. Plaintiff had no performance warnings or PIP.

**I. Termination**

44. On May 28, 2025, WonderBotz terminated Plaintiff.

45. The termination was based on UiPath's decision.

46. Plaintiff had no prior discipline.

J. Sequence of Events

47. May 26 – Complaint

48. May 27 – Access removed

49. May 27 – Engagement ended

50. May 28 – Termination

K. Post-Termination

51. UiPath continued hiring for similar roles.

52. Plaintiff was not considered.

L. Preservation of Evidence

53. Plaintiff has preserved emails, payroll records, and recordings.

VI. COUNT I — TITLE VII RETALIATION

54. Plaintiff incorporates all preceding paragraphs.

55. Plaintiff engaged in protected activity.

56. Defendants were aware.

57. Adverse action followed immediately.

58. Defendants retaliated in violation of Title VII.

## VII. COUNT II — TITLE VII RACE DISCRIMINATION

59. Plaintiff incorporates all preceding paragraphs.

60. Plaintiff is a protected class member.

61. Plaintiff experienced unequal pay and termination.

62. Circumstances support an inference of race discrimination.

## VIII. COUNT III — TITLE VII SEX DISCRIMINATION

63. Plaintiff incorporates all preceding paragraphs.

64. Plaintiff is female.

65. Plaintiff suffered adverse employment actions.

IX. DAMAGES

66. Plaintiff has suffered:

   a. lost wages

   b. lost benefits

   c. loss of future earnings

   d. emotional distress

   e. reputational harm

X. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests:

A. Judgment in her favor

B. Back pay and front pay

C. Compensatory damages

D. Punitive damages

E. Costs and fees

F. Any other appropriate relief

## XI. JURY DEMAND

67. Plaintiff demands a trial by jury.

Respectfully submitted,

*Daren M. Dan* 3/17/26

/s/ Tane'ya Melinda Taylor

Tane'ya Melinda Taylor

Plaintiff, Pro Se

7754 Hathaway Park Court

Dublin, Ohio 43016

Telephone: (614) 354-3751

Email: taneyat525@gmail.com

Date:  **March 17th, 2026**

**EXHIBIT A**

EEOC RIGHT-TO-SUE LETTER

Charge No. **532-2025-03441**

Respondent: **UiPath Inc.**

Issued: **December 22, 2025**

(Attach the EEOC Right-to-Sue Notice behind this page.)

 **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**Cleveland Field Office**
1240 E 9th St, Suite 3001
Cleveland, OH 44199
(216) 306-1120
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 12/22/2025

**To:** Tane'ya M. Taylor
7754 Hathaway Park Court
DUBLIN, OH 43016

Charge No: 532-2025-03441

EEOC Representative:        Legal Unit
(267) 589-9707

---

### DETERMINATION AND NOTICE OF RIGHTS

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice that the EEOC has dismissed your charge and has issued you notice of your right to sue the respondent(s) on this charge. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of EEOC's official notice of dismissal.** You should keep a record of the date you received the EEOC's official notice of dismissal. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 532-2025-03441.

On behalf of the Commission,

Digitally Signed By:Karen McDonough
12/22/2025

Karen McDonough
Acting Director

**Cc:**
Laura Rodgers
UiPath Inc.
1 Vanderbilt Ave.
New York, NY 10017


Please retain this Notice for your records.

Enclosure with EEOC Notice of Closure and Rights (05/25)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC
*(This information relates to filing suit in Federal or State court **under Federal law**. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

### IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* EEOC's official notice of dismissal**. You should **keep a record of the date you received EEOC's official notice of dismissal**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving EEOC's official notice of dismissal (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA, the ADEA, or the PWFA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA, the ADEA, or the PWFA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of your receipt of EEOC's official notice of dismissal and within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

### ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

### HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a Freedom of Information Act (FOIA) request or 2) a "Section 83" request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of EEOC's official notice of dismissal, please submit your FOIA and/or Section 83 request for the charge file promptly to allow sufficient time for EEOC to respond and for your review.

**To make a FOIA request for your charge file**, submit your request online at https://eeoc.arkcase.com/foia/portal/login (this is the preferred method). You may also submit a

Enclosure with EEOC Notice of Closure and Rights (05/25)

FOIA request for your charge file by U.S. Mail by submitting a signed, written request identifying your request as a "FOIA Request" for Charge Number 532-2025-03441 to the District Director at Jamie Williamson, 801 Market St Suite 1000, Philadelphia, PA 19107.

**To make a Section 83 request for your charge file**, submit a signed written request stating it is a "Section 83 Request" for Charge Number 532-2025-03441 to the District Director at Jamie Williamson, 801 Market St Suite 1000, Philadelphia, PA 19107.

You may request the charge file up to 90 days after receiving EEOC's official notice of dismissal. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA requests, go to https://www.eeoc.gov/eeoc/foia/index.cfm.

For more information on submitted Section 83 requests, go to https://www.eeoc.gov/foia/section-83-disclosure-information-charge-files.

**EXHIBIT B**

EEOC RIGHT-TO-SUE LETTER

Charge No. **532-2026-00792**

Respondent: **WonderBotz LLC**

Issued: **February 25, 2026**

(Attach the EEOC Right-to-Sue Notice behind this page.)

 **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

Cleveland Field Office
1240 E 9th St, Suite 3001
Cleveland, OH 44199
(216) 306-1120
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS

(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 02/25/2026

**To:** Tane'ya M. Taylor
7754 Hathaway Park Court
DUBLIN, OH 43016

Charge No: 532-2026-00792

EEOC Representative:              Legal Unit
(267) 589-9707

---

### DETERMINATION AND NOTICE OF RIGHTS

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice that the EEOC has dismissed your charge and has issued you notice of your right to sue the respondent(s) on this charge. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of EEOC's official notice of dismissal.** You should keep a record of the date you received the EEOC's official notice of dismissal. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 532-2026-00792.

On behalf of the Commission,

Digitally Signed By:Karen McDonough
02/25/2026
Karen McDonough
Acting Director

**Cc:**

Please retain this Notice for your records.

Enclosure with EEOC Notice of Closure and Rights (05/25)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court **under Federal law**. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

### IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* EEOC's official notice of dismissal. You should keep a record of the date you received EEOC's official notice of dismissal**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving EEOC's official notice of dismissal (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA, the ADEA, or the PWFA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA, the ADEA, or the PWFA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of your receipt of EEOC's official notice of dismissal and within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

### ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

### HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a Freedom of Information Act (FOIA) request or 2) a "Section 83" request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of EEOC's official notice of dismissal, please submit your FOIA and/or Section 83 request for the charge file promptly to allow sufficient time for EEOC to respond and for your review.

**To make a FOIA request for your charge file**, submit your request online at https://eeoc.arkcase.com/foia/portal/login (this is the preferred method).  You may also submit a

Enclosure with EEOC Notice of Closure and Rights (05/25)

FOIA request for your charge file by U.S. Mail by submitting a signed, written request identifying your request as a "FOIA Request" for Charge Number 532-2026-00792 to the District Director at Jamie Williamson, 801 Market St Suite 1000, Philadelphia, PA 19107.

**To make a Section 83 request for your charge file**, submit a signed written request stating it is a "Section 83 Request" for Charge Number 532-2026-00792 to the District Director at Jamie Williamson, 801 Market St Suite 1000, Philadelphia, PA 19107.

You may request the charge file up to 90 days after receiving EEOC's official notice of dismissal. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA requests, go to https://www.eeoc.gov/eeoc/foia/index.cfm.

For more information on submitted Section 83 requests, go to https://www.eeoc.gov/foia/section-83-disclosure-information-charge-files.